WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alpine 4 Technologies Limited,<br><br>  Plaintiff,<br><br>v.<br><br>Alan W Martin, et al.,<br><br>  Defendants. | No. CV-20-01679-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Huffacker's ("Defendant" or "Huffacker") Motion to Dismiss (Doc. 41). Plaintiff Alpine 4 Technologies Limited ("Plaintiff" or "Alpine") filed a Response (Doc. 47), and Defendant filed a Reply (Doc. 48).

Defendant seeks to dismiss this matter under Fed. R. Civ. P. 12(b)(2), (3), and (6), arguing this Court lacks general and specific personal jurisdiction over him. Defendant further argues Plaintiff's claims should be dismissed against him because of improper venue and because Plaintiff's claims are barred by the two-year statute of limitations set forth in A.R.S § 12-542.

**I.   Background**

This case concerns claims for Defendants' breach of contract, interference with business expectancy, and tortious interference with contact. (Doc. 1 at ¶¶ 7–11). As alleged in the Complaint, Defendants Alan W. Martin, Jason Huffacker, and Donald G. Belcher tortiously interfered with Alpine's purchase of Martin's business, Horizon Well Testing, L.L.C. ("HWT"). (*Id.* at ¶¶ 8–9). HWT is an Oklahoma business entity engaged

in fracking and related industry support services. (*Id.*)

On November 30, 2016, Alpine and Martin executed a Securities Purchase Agreement (the "Contract"), under which Alpine agreed to purchase and Martin agreed to sell HWT. (*Id.* at ¶ 3). At the conclusion of the purchase, HWT became a wholly-owned subsidiary of Alpine, a publicly-traded corporation headquartered in Arizona. (*Id.* at ¶ 23)

Thereafter, on March 29, 2017, Defendant Belcher organized an entity, RapidWater Resources, LLC ("RWR") as an Oklahoma limited liability company. (*Id.* at ¶ 30). A month later, on April 24, 2017, Huffacker called HWT's president, Terry Protto, and informed Mr. Protto that Huffacker was giving two weeks' notice of his intention to terminate his employment with HWT. (*Id.* at ¶ 24). Huffacker further informed Mr. Prottot that Huffacker was taking all water transfer employees with him in his imminent departure. (*Id.* at ¶ 26). Huffacker then joined RWR. (*Id.* at ¶ 31).

Plaintiff thus alleges Huffacker stole equipment and diverted HWT's business to RWR, an entity Belcher planned to co-own with Huffacker. (Doc. 47 at 3). Plaintiff further alleges Huffacker interfered with the business expectancy between HWT and its customers. (*Id.*) Huffacker alleges every purported wrongful act on which Alpine bases its claims against him took place entirely in Oklahoma. (Doc. 41 at 7).

In sum, Huffacker, an Oklahoma resident, is alleged to have been in Oklahoma when he stole labor and equipment from HWT, an Oklahoma limited liability company that is the wholly-owned subsidiary of Alpine, a company headquartered in Arizona. Huffacker moves to dismiss this matter, arguing the Court lacks personal jurisdiction over him. (Doc. 41). The Court will grant Huffacker's Motion.

**II.     Legal Standard**

A plaintiff bears the burden of establishing personal jurisdiction over all defendants. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990)). A defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

When a defendant does so, "the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d. 1144, 1151 (D. Ariz. 2001). Where the motion is based on written materials, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Therefore, the analysis of personal jurisdiction under Arizona law and federal law are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal citations omitted).

A court may assert general or specific jurisdiction over the nonresident defendant. *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's specific contact with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*,

571 U.S. at 291. Where neither general nor specific jurisdiction exists, the court must dismiss the defendant under Rule 12(b)(2).

### III. Analysis

The Court will analyze whether Plaintiff has made a *prima facie* showing that this Court has either general or specific jurisdiction over Defendant.

### A. General Jurisdiction

Defendant argues he has no systematic contacts with Arizona that would confer general personal jurisdiction. (Doc. 41 at 10). Huffacker claims he is a resident of, and domiciled in, Oklahoma, not Arizona. (*Id.*) He has lived in Oklahoma throughout his childhood and entire adult life and has never lived in or traveled to Arizona for personal or professional reasons. (*Id.*) Huffaker further claims he does not own or maintain any real or personal property in Arizona. (*Id.*) Neither does he hold any money or bank accounts there. (*Id.*) Thus, he argues no general jurisdiction exists.

Alpine, on the other hand, argues when it purchased HWT from Martin, he identified Huffacker as a key employee "who oversaw all of HWT's water transfer services, logistics, and implementation." (Doc 1. at ¶ 10). Plaintiff argues after Alpine purchased HWT, all Huffacker's subsequent conduct was as an employee of HWT, owned and operated by an Arizona business. (Doc. 47 at 6). Plaintiff thus contends Huffacker was conducting regular, systematic and continuous business with the forum state. (*Id.*)

The Court finds Alpine has failed to make a *prima facie* case that Defendant has "continuous and systematic general business contacts" making Defendant appear at home in the forum state. *See Helicopteros*, 466 U.S. at 414. First, Plaintiff provided no authority to support his contention that being an employee of a subsidiary company whose parent company was headquartered in Arizona conferred Arizona courts personal jurisdiction over the employee. Plaintiff merely states Defendant knew he was working for "an Arizona owner of HWT." (Doc. 47 at 7). For an individual, however, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant is a resident of, and

domiciled in, Oklahoma—not Arizona. (Doc. 41 at 3). The services Defendant provided for HWT were performed in Oklahoma. (*Id.* at 5). Therefore, the Court finds that it does not have general jurisdiction over Defendant.

### B. Specific Jurisdiction

Defendant further argues that Plaintiff has not made a *prima facie* showing that Defendant has availed himself of the forum of Arizona, arguing that he never purposefully directed any of his conduct toward Arizona. (Doc. 41 at 13). In response, Plaintiff argues that it has established that Defendant engaged in a pattern of conduct that meets the tests to place him within this Court's jurisdiction. (Doc. 15).

Courts in the Ninth Circuit apply a three-part test to determine whether specific personal jurisdiction has been established. These include: "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). The "'purposeful availment' requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

A plaintiff must satisfy both of the first two prongs in order to establish personal jurisdiction. *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* at 476–78. If one of the first two prongs is not met, the Court does not have personal jurisdiction over the defendant and the inquiry ends. *Id.*

///

- 5 -

### 1. Purposeful Availment & Direction

Plaintiff argues that Defendant personally availed himself of Arizona law when he stole business and property from Alpine, the new owner of HWT that happened to be headquartered in Arizona. (Doc. 47 at 7). Plaintiff further asserts that when Defendant stole HWT's equipment from an Oklahoma oil field, he knew he was injuring Alpine. (*Id.* at 8).

Defendant argues Alpine's Complaint provides no factual basis on which the Court could conclude that Huffaker had any contact with Arizona, or that Huffaker conducted any activities in Arizona to avail himself of some benefit or privilege available there, or that Arizona was the focal point of any of the tortious acts Huffaker allegedly committed. (Doc. 41 at 13).

Although Defendant injured Alpine when he stole HWT's physical equipment and took HWT business and formed a competitor (*Id.* at 14), "mere injury to a forum resident is not a sufficient connection to the forum." *Stuckey v. Leath*, 2019 WL 1558079 (D. Ariz. May 10, 2019). "The proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Plaintiff felt these alleged injuries in Arizona "not because anything independently occurred there," but because, at the time of Huffaker's actions, Plaintiff—a Delaware corporation—was headquartered in Phoenix, Arizona. *See Walden*, 571 U.S. at 290. But a defendant does not purposefully direct conduct at the forum state when the plaintiff is "the only link between defendant and the forum." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015); *see also Morrill*, 873 F.3d at 1148–49 (holding that "to establish the basis for specific personal jurisdiction, a tort must involve the forum state [of Arizona] itself, and not just have some effect on a party who resides there"). Because Plaintiff has failed to demonstrate the first element of the specific jurisdiction test, the Court cannot exercise personal jurisdiction over Defendant.[1]

---

[1] Since the Court lacks personal jurisdiction over Defendant Huffacker, it will not consider Huffacker's alternative arguments about improper venue or the statute of limitations under A.R.S § 12-542.

**IV.     Conclusion**

Since Plaintiff failed to make a *prima facie* case that jurisdiction is proper, the Court must dismiss Defendant Huffacker pursuant to Rule 12(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Huffacker's Motion to Dismiss (Doc. 41) is **granted.**  The Clerk of Court is directed to dismiss Huffacker from this action.

Dated this 26th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge