1

2    **WO**

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Alpine 4 Technologies Limited,                    No. CV-20-01679-PHX-DJH

10                    Plaintiff,                        **ORDER**

11   v.

12   Alan W Martin, et al.,

13                    Defendants.

14

15         Before the Court are Defendant Alan Martin's ("Martin") two Motions in Limine

16   (Docs. 99; 100) and Plaintiff Alpine 4 Technologies Limited's ("Alpine") Responses in

17   Opposition (Docs. 101; 102).  The parties also filed four supplements to their Motions.

18   (Docs. 108; 109; 110; 111).  A bench trial is set for July 12, 2023, through July 13, 2023.

19   (Doc. 113).

20   **I.      LEGAL STANDARD**

21         "Although the Federal Rules of Evidence do not explicitly authorize in limine

22   rulings, the practice has developed pursuant to the district court's inherent authority to

23   manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). The Ninth

24   Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes

25   ahead of trial, without first having to present potentially prejudicial evidence in front of a

26   jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted).

27   Generally, motions in limine that seek exclusion of broad and unspecific categories of

28   evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708,

712 (6th Cir. 1975). Motions in limine are "entirely within the discretion of the Court." *Jaynes Corp. v. American Safety Indem. Co.*, 2014 WL 1154180, at *1 (D. Nev. March 20, 2014) (citing *Luce*, 469 U.S. at 41–42). Moreover, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has pass." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), *aff'd*, 135 S. Ct. 907 (2015) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001).

Motions in limine are "provisional" in nature. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036 (D. Nev. 2013), *aff'd in part, rev'd in part, and dismissed in part on other grounds,* 613 F. App'x 610 (9th Cir. 2015). The Court issues its rulings on these motions based on the record currently before it. Therefore, rulings on such motions "'are not binding on the trial judge [who] may always change his [or her] mind during the course of a trial.'" *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner))). "'Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

## II.   DISCUSSION

The Court will address each of Martin's Motions in turn.

### A.   Martin's Motion in Limine No. 1 (Doc. 99)

First, Martin seeks to preclude Alpine from introducing two cost spreadsheet documents (Exhibit 3 and 6) because Alpine failed to uphold its disclosure obligations under Federal Rule of Civil Procedure 26.   (Doc. 99 at 1).   Martin further argues Alpine can neither authenticate the spreadsheets nor show that Martin authenticated them during his deposition.   (Doc. 108 at 2–3).   Martin says Alpine impermissibly argues its payment obligations were secured by equipment with a purported value of $12.2 million but that

the document it seeks to introduce as evidence of that valuation—the spreadsheets—were not drafted by either Martin or any representative of Alpine. (*Id.*) In Response, Alpine argues Martin was the original author of the spreadsheet and that he went "on and on during his deposition confirming the underlying facts and figures pertaining to his equipment to be conveyed to [Plaintiff] in the sale." (Doc. 110 at 2–3).

Federal Rule of Civil Procedure 26(a) requires parties to disclose certain information pertinent to the case. A party is obligated to supplement a Rule 26(a) disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete[.]" Fed. R. Civ. P. 26 (e)(1)(A). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). This evidence can include "[a]ppearance, contents, substance, . . . or other distinctive characteristics, taken in conjunction with the circumstances." *Id.* at 901(b)(4).

Alpine neither complied with Federal Rule of Civil Procedure 26(a) nor satisfied its burden under Federal Rule of Evidence 901. First, Alpine did not disclose the spreadsheet to Martin before Martin's deposition as required by Federal Rule of Civil Procedure Rule 26(a). Second, during Martin's deposition, Alpine's counsel ("Mr. Ryan Lorenz") testified that the spreadsheets were "an exact duplicate" of the spreadsheet disclosed by Martin's counsel in this case. (Doc. 108 at 9). Martin's counsel, however, noted the spreadsheet was not an exact duplicate because the number on Mr. Lorenz' spreadsheet was $12 million and the number on Martin's counsel's spreadsheet was $6 million. (*Id.* at 11). Lorenz further testified the document was produced by Travis Jordan, Martin's business broker, the day before Martin's deposition. (*Id.* at 15). When pressed by Martin's counsel about the production, Lorenz stated "[n]o, he [Travis Jordan]

1    produced nothing to me." (*Id.* at 16).

2         Given Alpine's misrepresentations during Martin's deposition and that Alpine

3    claimed the document was first produced by Travis Jordan, who is not designated as a

4    trial witness, the Court concludes that Alpine has not satisfied Federal Rule of Evidence

5    901(a) burden of presenting evidence sufficient to support a finding that that the

6    spreadsheets are what Alpine claims—a spreadsheet created by Martin about the

7    equipment with a purported value of $12.2 million.

8         The Court therefore will grant the motion in limine to the extent it asserts that the

9    spreadsheets lack a sufficient evidentiary foundation.

10        **B.     Defendant's Motion in Limine No. 2 (Doc. 100)**

11        Second, Martin seeks to preclude Alpine from introducing "any evidence on

12   damages, including mitigation thereof, at trial." (Doc. 109 at 1). Martin argues Alpine

13   claims, for the first time in the pretrial order, failure to mitigate damages as a defense.

14   (Doc. 100 at 2). Martin says Alpine has never disclosed any facts or argument related to

15   this defense and thus should be precluded from doing so at trial. (*Id.*) Martin further

16   contends Alpine's argument that Martin failed to mitigate his damages based on Martin's

17   alleged failure to repossess secured assets should be precluded because: (1) Martin was

18   no longer a secured creditor when Alpine breached the final agreement at issue; and (2)

19   foreclosing on the assets would have been impossible under the circumstances. (*Id.*)

20        In Response, Alpine contends Martin seeks to have the Court "apply a state court

21   disclosure rule, Ariz. R. Civ. P. 26.1(a), to a case pending in federal court." (Doc. 101 at

22   2). Alpine further argues Martin was "fully and perhaps even over-) [sic] secured by the

23   value of what he sold to Alpine 4." (Doc. 111 at 3). Alpine says Martin's release of his

24   liens in December 2018, almost two years after the deal, only proves its defense. (*Id.*)

25        Failure to mitigate damages is not among the affirmative defenses enumerated in

26   Fed. Rule Civ. P. 8(c) but the Ninth Circuit has joined the majority of federal courts in

27   concluding that lack of mitigation is a Federal Rule of Civil Procedure 8 affirmative

28   defense as a matter of federal procedural law. *999 v. C.I.T. Corp.*, 776 F.2d 866, 870 n. 2

(9th Cir. 1985).  Failure to plead lack of mitigation of damages as an affirmative defense ordinarily constitutes a waiver of that defense.  *Id.* (citations omitted).  But the court need not find it waived "if the issue of mitigation was included in the pre-trial order, which has the effect of amending the pleadings."  *Id.* (citing *Federal Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971)).  Here, Alpine raised Martin's lack of mitigation of damages in the pretrial order.  Under Ninth Circuit precedent, the Court will allow it.

Nonetheless, the Court agrees with Martin and finds Alpine should be precluded from introducing evidence that Martin failed to mitigate his damages based on his alleged failure to repossess secured assets.  Martin could not have mitigated his damages by repossessing the secured assets because he did not hold a security interest in them at the time Alpine breached the modified Note.  The parties signed a Securities Purchase Agreement on November 30, 2016, including a Note secured by the assets of Horizon Well Testing, LLC ("HWT").  (Doc. 109 at 6; 12).  The final modification of this Note occurred on December 17, 2018, which included a release of all the assets.  (*Id.* at 14; 20).  Under the modified Note, Martin became an unsecured creditor on December 20, 2018.  (*Id.* at 14)  Alpine breached the modified Note when it failed to make its first payment on February 20, 2019.  (*Id.* at 35).  Thus, Martin was no longer a secured creditor when Alpine breached the modified Note and therefore Martin could not have repossessed any secured assets.  Indeed, Venture West Energy Services' (formerly HWT) bankruptcy filings do not show Martin as a creditor.  (*Id.* at 29–33).

Accordingly,

**IT IS ORDERED** that Defendant Alan Martin's Motion in Limine No 1. (Doc. 99) is **granted**.  Alpine is precluded from introducing the two cost spreadsheets (Exhibit 3 and 6).

/ / /

/ / /

/ / /

- 5 -

**IT IS FURTHER ORDERED** that Defendant Alan Martin's Motion in Limine No 2. (Doc. 100) is **granted, in part**. Alpine is specifically precluded from introducing any evidence that Martin failed to mitigate his damages based on his alleged failure to repossess secured assets.

Dated this 15th day of June, 2023.

Honorable Diane J. Humetewa
United States District Judge